# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

ANNE DUNN and ANTHONY DUNN,
as representatives of the ESTATE OF SAM DUNN,

    Plaintiffs,

v.

PATRICK BARRY and JOHN NGUYEN,
in their individual capacities,

    Defendants.
_____

Civil Action No. 18-10581-MPK

## PLAINTIFFS' MOTION IN LIMINE TO PROHIBIT DEFENDANTS FROM INTRODUCING EVIDENCE CONCERNING SAM DUNN'S PRIOR INCARCERATION OR OTHER BAD ACT EVIDENCE

Plaintiffs move pursuant to Federal Rules of Evidence 403 and 404 to prohibit Defendants from introducing alleged prior bad acts of Plaintiffs' decedent, Sam Dunn related to his prior incarceration.

Defense counsel proposes the following documents as exhibits in this case: Sam Dunn's Essex County Sheriff's Department (ECSD) institutional history, his ECSD offender face sheet, his disciplinary history at the facility from 2006-2015, an ECSD January 2016 log, and his booking history at ECSD. The defense also intends to call the former Superintendent of Essex County Correctional Facility (ECCF) to testify about Mr. Dunn's behavior on other occasions, evidence which was not within the knowledge of Defendants.

## A. Introduction

This case concerns events on January 6 and 7 of 2016. Mr. Dunn was civilly committed for substance abuse treatment by the Newburyport District Court. He was in the custody of the Essex County Sheriff's Department to be transported to the treatment center. Plaintiffs' claim is based on the failure of Defendants Barry and Nguyen to check Mr. Dunn while he was in their van.

Plaintiffs claim that Defendants were on notice of Sam Dunn's need for medical care and failed to provide that care. What is relevant for that underlying claim is information that was known to Defendants when they interacted with Sam Dunn in January 2016. There is no evidence that either Defendant knew Mr. Dunn's institutional history before Mr. Dunn died in the back of the van in their custody.

They did know that Mr. Dunn appeared to be under the influence of something, looked sick, looked like he might vomit, and that he was committed by a judge to receive substance abuse treatment because he was a danger to himself without treatment. Despite this information, Defendants failed to check on Mr. Dunn for over three and a half hours while their van waited in the parking lot of the treatment center.

Defense counsel intends to call Michael Marks, the Superintendent of ECCF at the time of the incident, to testify, among other things, that the way Mr. Dunn behaved in the videos on January 6, 2016, was the way he behaved when he was previously committed to ECCF and in the "safe room" at the infirmary. This is irrelevant to any claim or defense in this case. Plaintiffs do not allege that Mr. Marks is liable or was even present for Sam Dunn's death, therefore, his state of mind at the time that Mr. Dunn died is irrelevant. Nor can Mr.

Mark's state of mind be attributed to either Defendant. Allowing Mr. Marks to testify to his observations of Mr. Dunn before this incident could confuse jurors.

### B. Defendants were unaware of this evidence

Patrick Barry and John Nguyen are the only Defendants in this case. They were working as transportation officers. They did not know much about Mr. Dunn's institutional history. Defendant Barry testified only that he had only a vague knowledge of Sam Dunn: "He's just a repeat offender, always in and out of our department." Exhibit A, Deposition of Patrick Barry, p. 59. Defendant Barry testified when he saw Mr. Dunn at the Newburyport Courthouse his behavior was different from when he previously supervised him because "(h)e seemed like he may have been under the influence of some type of substance." *Id.*, p. 60. Defendant Barry had no information about Mr. Dunn from anyone else that day other than the court order. *Id.,* p. 62.

Similarly, Defendant Nguyen denied any direct knowledge about Plaintiff's prior dealings in the ECCF. When asked specifically, he testified: "Vaguely… I might have come across him. I'm not sure. I don't recall that I ever see him before." Exhibit B, Deposition of John Nguyen, pp. 32-33. Accordingly, Defendant Nguyen did not know how Mr. Dunn might otherwise behave. *Id.*, p. 35. Defendants' actions must be based on their knowledge. Defendants should not be permitted to testify how they would have acted if they knew other facts that were unknown to them when Sam Dunn died.

### C. Any relevance is outweighed by the undue prejudice of introducing this evidence under Fed. R. Evid. 403

Evidence about Mr. Dunn's criminal history and his disciplinary history when he was held at ECCF either pretrial or after a conviction is not relevant to this case. Moreover, the

3

proposed documents and testimony would likely lead jurors to be unfairly prejudiced against Mr. Dunn.

Defendants Barry and Nguyen did not know this history. Mr. Dunn was not in custody after an arrest or conviction; he was at ECCF awaiting transportation to receive substance abuse treatment. The most Defendant Barry knew was that Mr. Dunn had been at ECCF several times before.

Plaintiffs allege Defendants Barry and Nguyen failed to provide needed medical care to address Mr. Dunn's serious medical needs when, knowing he appeared sick, they failed to check on his condition while he was locked in the van in the parking lot of the treatment facility. Any probative value of evidence about Mr. Dunn's behavior at other times—unknown to Defendants and therefore irrelevant—is outweighed by the danger it would result in undue prejudice in the minds of jurors.

**D. The bad act evidence is improper character evidence**

Federal Rule of Evidence 404(b) prohibits evidence of a person's prior crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of a person's prior bad acts offered for another purpose—such as proving motive, opportunity, or intent—is only admissible if it meets the requirements of Fed. R. Evid. 403. *See United States v. Tse*, 375 F.3d 148, 155 (1st Cir. 2004) ("the probative value of the bad act evidence must not be substantially outweighed by the danger of unfair prejudice"). Introducing Mr. Dunn's prior institutional history that would include information about prior arrests and convictions is not relevant to any claim or defense. Its only use would therefore be to try to prove that Mr.

Dunn was not a person the jury should care about because had a bad character. The Rules expressly prohibit such evidence.

    WHEREFORE, this court should issue an order prohibiting Defendants from introducing Sam Dunn's Essex County Sheriff's Department (ECSD) institutional history, his ECSD offender face sheet, his disciplinary history at the facility from 2006-2015, an ECSD January 2016 log, his booking history at ECSD, and his criminal record or other alleged bad acts, or arguing that his behavior on January 6 and 7, 2016, was typical behavior for Mr. Dunn.

RESPECTFULLY SUBMITTED,

For the Plaintiffs,

/s/ Howard Friedman
Howard Friedman, BBO #180080
Law Offices of Howard Friedman, P.C.
1309 Beacon Street, Suite 300
Brookline, MA 02446
Ph: (617) 742-4100
Fax: (617) 303-3938
hfriedman@civil-rights-law.com

/s/ Mark Loevy-Reyes
Mark Loevy-Reyes. BBO #707974
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Ph: (312) 243-5900
Fax: (312) 243-5902
mark@loevy.com

Date: December 1, 2021

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: December 1, 2021    /s/Howard Friedman
                         Howard Friedman