UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                               )
ANNE DUNN and ANTHONY DUNN,            )
as representatives of the ESTATE OF SAM DUNN,  )
                                                               )
      Plaintiffs,                                       )
                                                               )
      v.                                                    )
                                                               )   Civil Action No. 18-10581-MPK
PATRICK BARRY and JOHN NGUYEN,        )
in their individual capacities,                       )
                                                               )
      Defendants.                                    )
_____)

## PLAINTIFFS' TRIAL BRIEF

In accordance with the Court's June 15, 2021 Order Setting Case for Trial, ECF #95, Plaintiffs submit this Trial Brief setting forth a statement summarizing Plaintiffs' claims, proposed *voir dire* questions, and a proposed special verdict form.

### i.    A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment

This case is about the death of 29-year-old Sam Dunn. Mr. Dunn struggled with drug addiction. On January 6, 2016, a judge had him civilly committed to get treatment for substance abuse. The defendants in this case, Officers Patrick Barry and John Nguyen, were responsible for safely transporting Mr. Dunn. At the Newburyport courthouse, Officers Barry and Nguyen noticed that Mr. Dunn appeared to be under the influence of something. They placed him in an individual compartment so he would not vomit on other prisoners.

Officers Barry and Nguyen first transported Mr. Dunn from the courthouse to the Essex County Correctional Facility, where Mr. Dunn was placed for a couple hours before the van left that evening. Then Officers Barry and Nguyen put Mr. Dunn in the van to go to the treatment center, called the Massachusetts Alcohol and Substance Abuse Center, or "MASAC" for short. At this point, Officer Nguyen saw that Mr. Dunn still appeared under the influence. A man named Andy Guillon was also placed in the van. Mr. Guillon told the officers that Mr. Dunn looked sick. He told them he did not want to be in the same compartment with Mr. Dunn. He heard Mr. Dunn tell the officers he felt sick. Mr. Dunn lost consciousness in the van and began labored breathing that sounded like loud snoring. The sound was loud and unlike any snoring that Officer Nguyen had heard. On the way to MASAC, the van stopped at the prison in Walpole to drop off Mr. Guillon and pick up

Bernard Grant. Mr. Dunn remained in the van in his separate compartment. Mr. Grant unsuccessfully tried to get Mr. Dunn to talk. Mr. Dunn was not responsive.

When the van arrived at the treatment center, the facility was on lock down so Officers Barry and Nguyen could not transfer Mr. Dunn into MASAC's custody. The van waited in the MASAC parking lot for hours. Mr. Dunn continued his labored breathing. While in the parking lot the officers' job was to ensure that the two passengers were safe. They should have regularly checked on Sam. They did not do so.

At some point, Mr. Dunn vomited. After they had been in the parking lot for three and a half hours Officers Barry and Nguyen noticed that Mr. Dunn had stopped making snoring noises. About 10 to 15 minutes later, Officer Barry opened the door to check on Mr. Dunn. Mr. Dunn was not breathing. Medical staff could not revive him. Mr. Dunn's cause of death was acute opiate intoxication. A doctor will testify that if they had obtained treatment before Sam stopped breathing, he would more likely than not have survived. Treatment was available inside the treatment facility, but the officers never told the staff there that Sam was sick.

Sam Dunn's parents, Anne and Anthony Dunn, brought this case saying the officers violated his constitutional rights because they were aware he was in need of substance abuse treatment and appeared to be sick. They were responsible for his safety but were deliberately indifferent to Sam Dunn's serious medical needs, resulting in his death.

### ii. Proposed questions for the *voir dire* examination of the jury

Plaintiffs are filing a motion requesting attorney-conducted panel *voir dire* or, in the alternative, individual *voir dire*. Plaintiffs' motion includes proposed questions for attorney-conducted *voir dire*. Additional questions for the Court's consideration are listed below.

1. What do you do for work? How long have you been working as a XX?
2. What other jobs have held in the past ten years?
3. Do you or anyone you know have any business interests with Essex County?
4. Have you ever been a victim of a crime?
5. Have you ever been sued?
6. What is your educational background?
7. Have you ever worked in law enforcement (including as a police officer, probation officer, corrections officer, or in a prosecutor's office)?
8. Do you have any family members or close friends who have worked in law enforcement?
9. Would you be inclined to believe a law enforcement officer over somebody who is not a law enforcement officer?
10. What experiences – either good or bad – have you or members of your family had with law enforcement officers and/or the Essex County Sheriff's office?

11. Where do you get your news? Newspapers, television, cable television, radio, and/or internet? Which publications or shows?
12. What talk radio shows do you listen to, if any?
13. Do you regularly read any newspapers, magazines, or journals? Which ones?
14. Do you belong to any social, political, or religious organizations? If so, please describe the organization and your participation in it.
15. Do you do any charitable or volunteer work?
16. What is your biggest concern about how our judicial system works?
17. Do you have a concern that jury awards are too high?
18. Do you think there are too many lawsuits against law enforcement officers?
19. Have you ever been shocked to hear about a jury's money damages award that you considered to be either too high or too low? What mistake do you believe that that jury made in assessing the appropriate money damages?
20. Do you have any strong feelings about whether punitive damages to punish are a good or bad part of our legal system?
21. Do you think that citizens who have been treated unfairly or illegally by a law enforcement officer should have the same right to bring a lawsuit as they would have against a private citizen?
22. If you heard that a witness had used illegal drugs at some point, would you be unable to care about what happened to that person?
23. In general, how do you feel about law enforcement agencies?
24. Do you believe law enforcement officers should wear body cameras or other recording devices when interacting with civilians?

### iii.    Proposed special verdict form

Plaintiffs' proposed special verdict form is attached.

RESPECTFULLY SUBMITTED,

For the Plaintiffs,

/s/ Howard Friedman
Howard Friedman, BBO #180080
Law Offices of Howard Friedman, P.C.
1309 Beacon Street, Suite 300
Brookline, MA 02446
Ph: (617) 742-4100
Fax : (617) 303-3938
hfriedman@civil-rights-law.com

/s/ Mark Loevy-Reyes
Mark Loevy-Reyes. BBO #707974
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Ph: (312) 243-5900
Fax: (312) 243-5902
mark@loevy.com

Date: December 1, 2021

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: December 1, 2021      /s/Howard Friedman
                            Howard Friedman