UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
ANNE DUNN and ANTHONY DUNN,                 )
as representatives of the ESTATE OF SAM DUNN, )
                                            )
           Plaintiffs,                      )
                                            )
           v.                               )
                                            ) Civil Action No. 18-10581-MPK
PATRICK BARRY and JOHN NGUYEN,              )
in their individual capacities,             )
                                            )
           Defendants.                      )
_____ )

**PLAINTIFFS' OPPOSITON TO DEFENDANTS' MOTION TO EXCLUDE THE REPORT OF GEORGE HATCH AND THE BRIDGEWATER FIRE DEPARTMENT RECORD**

The incident report from Department of Corrections Lt. George Hatch and the Bridgewater Fire Department medical report are admissible for two reasons. First, Defendants waived their objection, and second, the reports are within exceptions to the hearsay under FED. R. EVID. 801 (d)(2), 803 (6) and (8). The reports are attached as Exhibit A.

Defendants waived their hearsay objection to these documents by failing to follow this court's order setting the case for trial issued on June 15, 2021. The order required the parties to serve on one another a list describing any objections to proposed exhibits and witnesses on or before the close of business on November 17. Plaintiffs complied with this rule; Defendants did not. Rather, Defendants' counsel called and spoke to Plaintiff's counsel that day and said he did not expect he would have any objections, however he would file a written response on November 18. He did not file a response on November 18. Instead, on

November 23 at 4:58 p.m., Defendants' counsel forwarded objections to Plaintiffs' counsel with a message saying, "Defendants' objections to Plaintiffs' Witnesses and exhibit lists… for discussion tomorrow at 9 am." After Plaintiff told Defendants' counsel that his response was late, he responded stating, "I believed, incorrectly, that they had been forwarded to you prior to my secretary going on vacation."

The order states that objections may be waived except under Rules 402 and 403 of the Federal Rules of Evidence unless good cause is shown. Defendants' counsel acknowledged on November 17 that he needed to file a response by that date. He stated that he would file the document the next day. He did not do so. Since he knew that his filing would be late, he should have made sure it was only a day late. Instead, he waited until the end of the day before the meeting to discuss evidence. As counsel he, not his secretary, is responsible for meeting deadlines. He has not established good cause for his failure to comply with this court's order.

Lt. Hatch's report is a public record under FED. R. EVID. 803 (8). It is a report he made as lieutenant working at the Massachusetts Alcohol and Substance Abuse Center. The report includes a statement by one of the Essex deputies that "Dunn had been talking with them just a few minutes before he had the emergency." This statement is admissible as a statement of a party opponent under FED. R. EVID. 801 (d)(2). It is also within the exception of FED. R. EVID. 803 (2) as an excited utterance. Finally, it is not to be introduced for a hearsay purpose; instead of being introduced for the truth , this statement would be introduced to show that Defendants immediately provided false information while Mr.

Dunn was receiving medical attention. As such it is admissible to show the Defendant's state of mind and absence of mistake.

The Bridgewater Fire Department report is a report from the medical unit sent to treat Mr. Dunn. It is a public record and is allowed under FED. R. EVID. 803 (8) as a record of a regularly conducted activity or as a business record under FED. R. EVID. 803(6). *See Ruffin v. City of Boston*, 146 F. App'x. 501, 506 (1st Cir. 2005).

WHEREFORE, this court should deny Defendants' motion *in limine* to exclude the incident report of George Hatch and the Bridgewater Fire Department medical report.

RESPECTFULLY SUBMITTED,

Plaintiffs,
By their attorneys,

/s/Howard Friedman
Howard Friedman, BBO #180080
Law Offices of Howard Friedman, PC
1309 Beacon Street, Suite 300
Brookline, MA 02446
(617) 742-4100
hfriedman@civil-rights-law.com


 /s/ Mark Loevy-Reyes
Mark Loevy-Reyes, BBO #707974
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
mark@loevy.com

Date: December 10, 2021

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: December 10, 2021   /s/Howard Friedman
　　　　　　　　　　　　　Howard Friedman